UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,                :
                                         :
                                         :
        Plaintiff,                       :
                                         :   Civil Action No.
    v.                                   :
                                         :
MERCURY MARINE, A DIVISION               :
OF BRUNSWICK CORPORATION,                :
                                         :
        Defendant.                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# COMPLAINT

The United States of America, by authority of the Attorney General of the United States and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## STATEMENT OF THE CASE

1.  This is a civil action brought against Defendant Mercury Marine, a Division of Brunswick Corporation ("Defendant") pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"). The United States seeks to recover unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances at and from the Cedarville Dams (a/k/a Cedar Creek) Superfund Alternative Approach Site in Cedarburg, Wisconsin (the "Site"). The United States also seeks injunctive relief requiring that Defendant perform the selected remedy for the Plant 2 Operable Unit (a/k/a Operable Unit 1 or OU1). Finally, the United States seeks a judgment on liability for future response costs at the

1

Site that will be binding on any subsequent action or actions to recover further response costs pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and the parties pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) and (c) because the claims arose and the threatened and actual releases of hazardous substances occurred in this district, the Site is located in this district, and Defendant resides and does business in this district.

## GENERAL ALLEGATIONS

4. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21). Defendant is a corporation with offices in Fond du Lac, Wisconsin.

5. The Site encompasses (i) Mercury Marine's former Plant 2 at 2526 St. John Avenue in Cedarburg, Ozaukee County, Wisconsin (Operable Unit 1) and (ii) 4.6 miles of Cedar Creek from just below the Ruck Pond dam until the confluence of Cedar Creek with the Milwaukee River (Operable Unit 2). Defendant owned and operated a manufacturing facility at Plant 2. Plant 2 was a source of hazardous substances that contaminated the Site. The Plant 2 building was demolished in 2005. Contamination remains at the Plant 2 property and the Site.

6. Defendant is (i) a person who is the current owner and operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1), and (ii) a person (and/or a successor to a person) who at the time of disposal of a hazardous substance owned and/or operated a facility at which such

2

hazardous substances were disposed and from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

7. The property owned and operated by Defendant at the Site is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

8. The Site is a "facility," and the Plant 2 Operable Unit is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

9. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the property owned and operated by Defendant and into the environment at and from Plant 2 within the meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22) and 9607(a). For example, there have been "releases" and "threatened releases" of, among other hazardous substances, polychlorinated byphenyls ("PCBs"), which are "hazardous substances" within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

10. The United States has incurred "response costs" relating to the Site within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25), in responding to releases and threatened releases of hazardous substances from the property owned and operated by Defendant, and in responding to releases and threatened releases of hazardous substances into the environment at and from the Site.

11. The above-described response costs relating to the Site and the Plant 2 Operable Unit were incurred by the United States in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

12. In March 2008, EPA completed and signed a Record of Decision ("ROD"), which sets forth EPA's selected remedy for the Plant 2 Operable Unit (OU1). Pursuant to an EPA Administrative Order on Consent, Defendant prepared the required Remedial Design for the selected remedy. The Remedial Design was completed in February 2012.

**FIRST CLAIM FOR RELIEF**
(Cost Recovery under CERCLA Section 107)

13. The preceding paragraphs are realleged and incorporated herein by reference.

14. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), Defendant is liable to the United States for the following response costs incurred and to be incurred by the United States related to the Site, as well as enforcement costs and prejudgment interest on such costs: (i) all costs incurred in performing and/or overseeing the ongoing response at the Site and (ii) all future costs of any response actions that may be performed for the Site.

**SECOND CLAIM FOR RELIEF**
(Injunctive Relief under CERCLA Section 106)

15. The preceding paragraphs are realleged and incorporated herein by reference.

16. EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment at and from the Site.

17. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

A. Enter judgment in favor of the United States and against Defendant for response costs incurred by the United States, including prejudgment interest, in connection with the above-described response actions relating to the Site;

B. Order Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

C. Enter a declaratory judgment of liability against Defendant pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding on any subsequent action or actions to recover further response costs for the Site;

D. Award the United States its costs of this action; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

Date: Oct. 5, 2012

ROBERT E. MAHER, JR.
Acting Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

Date: Oct. 5, 2012

JASON T. BARBEAU
Trial Attorney, D.C. Bar No. 468200
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8908 (Telephone)
(202) 616-6584 (Facsimile)
jason.barbeau@usdoj.gov

5

Date: October 5, 2012         JAMES L. SANTELLE
                              United States Attorney

SUSAN M. KNEPEL
Assistant United States Attorney
State Bar # 1016482
530 Federal Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202
Tele. No. 414/297-1723
Fax No. 414/297-4394
susan.knepel@usdoj.gov

Attorneys for the United States of America

OF COUNSEL:

Richard L. Nagle
Assistant Regional Counsel
United States Environmental Protection Agency
Region 5
77 West Jackson Boulevard
Chicago, IL 60604